UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

EILEEN LANAHAN,

    Plaintiff,

v.

SOUTHERN NEVADA HEALTH DISTRICT,

    Defendant.

2:06-CV-01176-LRH-LRL

<u>ORDER</u>

       Before the court is defendant Southern Nevada Health District's ("SNHD") motion in limine filed on October 5, 2009. Doc. #54[1]. SNHD moves to exclude testimony by plaintiff Eileen Lanahan ("Lanahan") of the check in/check out procedures of other SNHD maintenance employees and unconfirmed rumors about other employees desiring Lanahan's position of which she has no personal knowledge. *Id*. SNHD further seeks to preclude Lanahan from offering testimony of discriminatory statements made by her supervisor, Jerry Boyd, that do not relate to Lanahan's gender or age. *Id*. Finally, SNHD seeks an advance determination that an arbitrator's decision that found Lanahan was terminated "for cause" is relevant and admissible. *Id*.

       Lanahan filed an opposition on October 27, 2009. Doc. #56. Lanahan does not oppose the admissibility of the arbitrator's decision or the exclusion of testimony of which she does not have

---

[1] Refers to the court's docket entry number.

personal knowledge; Lanahan only objects to the exclusion of the discriminatory statements made by Jerry Boyd which do not relate to age or gender. *Id*.

**Evidence of Discriminatory Statements**

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Here, Lanahan has filed a civil rights complaint alleging that SNHD, through Jerry Boyd, violated Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA") by terminating her because of her gender and age.

Mr. Boyd is alleged to have made four nondiscriminatory statements not based on age or gender: (1) the only good Indian is a dead Indian; (2) the U.S. should close the borders to keep all the Mexicans out; (3) fags should be hunting targets; and (4) the KKK had some good ideas but they went about it in the wrong way. The court finds that these statements are relevant because they allude to Mr. Boyd's general discriminatory bias. Moreover, the statements make it more probable than not that Mr. Boyd made discriminatory statements to Lanahan and fired her solely on the basis of her age and gender.

However, the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403. Evidence may be excluded when there is a significant danger that the jury might base its decision on emotion or when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *U.S. v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985).

In this case, admitting the evidence that Mr. Boyd made discriminatory statements concerning race and sexual orientation raises a significant danger that the jury may find against SNHD solely because of Mr. Boyd's wide-ranging discrimination rather than any direct evidence of discrimination in SNHD's decision to fire Lanahan. Accordingly, the court finds that the probative

1 | value of the proposed discriminatory statements is substantially outweighed by the unfair prejudice
2 | that would result if the statements were admitted.
3 |     IT IS THEREFORE ORDERED that defendant's motion in limine (Doc. #54) is
4 | GRANTED.
5 |     IT IS SO ORDERED.
6 |     DATED this 2nd day of November, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3